# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**TERANCE J. VALORE**

**JUANITA R. GOLDFARB**
Personal Representative
Of the Estate of
David L. Battle (Deceased)

**MARY V. HERNANDEZ**
Personal Representative
Of the Estate of
Matilde Hernandez, Jr. (Deceased)

**ROBERT MUFFLER, Jr.**
Personal Representative
Of the Estate of
JOHN MUFFLER (Deceased)

**JUTTA YARBER**
Personal Representative
Of the Estate of
JAMES YARBER (Deceased)

**RONALD L. TISHMACK**
Personal Representative
Of the Estate of
JOHN JAY TISHMACK (Deceased)

**CELIA WALKER**
Personal Representative
Of the Estate of
Leonard Warren Walker (Deceased)

**DOROTHY C. WINT**
Personal Representative
Of the Estate of
Walter Emerson Wint, Jr. (Deceased)

**PEDRO ALVARADO, JR.**

**Civil Action No. <u>03-cv-1959RCL</u>**

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

**ANDRES ALVARADO TULL**

**ANGEL ALVARADO**

**GERALDO ALVARADO**

**GRISSELLE ALVARADO**

**LUIS ALVARADO**

**LUISA ALVARADO**

**MARIA ALVARADO**

**MARTA ALVARADO**

**MINERVA ALVARADO**

**YOLANDA ALVARADO**

**ZORAIDA ALVARADO**

**DENNIS JACK ANDERSON**

**FLOYD CARPENTER**

**MICHAEL HARRIS**

**BENNIE HARRIS**

**ROSE HARRIS**

**DONALD R. PONTILLO**

**DEBORAH TRUE**

**DOUGLAS PONTILLO**

**LEONORA PONTILLO**

**JOHN E. SELBE**

**ELOISE F. SELBE**

**BELINDA SKARKA**

**The Donahue Law Firm**
18 West Street
Annapolis, MD 21401
(410) 280-2023

**DON SELBE**

**JAMES SELBE**

**WILLY G. THOMPSON**

**ALLISON THOMPSON**

**IFALINE THOMPSON**

**CHERYL BASS**

**JOHNNY THOMPSON**

**WANDA FORD**

**ORLANDO MICHAEL VALORE, SR.**

**ORLANDO M. VALORE, JR.**

**JANICE VALORE**

**MARCY LYNN PARSON**

**TIMOTHY BROOKS**

**EDWARD J. BROOKS**

**PATRICIA A. BROOKS,**

                     Plaintiffs,

      **v.**


**THE ISLAMIC REPUBLIC OF IRAN**
Ministry of Foreign Affairs
Khomeini Avenue
United Nations Street
Tehran, Iran,

      and

**THE IRANIAN MINISTRY**
**OF INFORMATION AND SECURITY**
Pasdaran Avenue
Golestan Yekom
Tehran, Iran,

                Defendants.

## AMENDED COMPLAINT

(1) This action is brought by the Plaintiffs, Terance J. Valore, et al., by counsel, in the individual capacity of each plaintiff and, as appropriate, in the capacity of each as personal representative of the estate more particularly described in the caption of this action for their own benefit, the benefit of each particular estate, and for the benefit and on behalf of all those legally entitled to assert a claim under the District of Columbia Wrongful Death Act, the District of Columbia Survival Act and the Foreign Sovereign Immunities Act. (28 United States Code Section 1602 et seq.). This Court exercises subject matter jurisdiction in accordance with the provisions of 28 United States Code Sections 1330(a), 1331, 1332(a)(2), 1605 and 1605A. The Court exercises in personam jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 United States Code Section 1605 (a)(7) and 1605A. Venue in this Court is proper in accordance with the provisions of 28 United States Code Section 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2) The Plaintiffs in this action consist entirely of members of the United States Marine Corps, United States Navy and United States Army, the estates of such persons, and the heirs at law and legatees of such persons, who suffered injuries or died as a result of

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

4

injuries inflicted in the terrorist attack upon the headquarters building of the  Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983. Members of the United States Marine Corps were assigned to the  Marine Amphibious Unit. Members of the United States Navy and United States Army were present at the site of the occurrence in support of the Marine Amphibious Unit, either on a regular assigned basis or temporarily on the date of the occurrence below set forth. The term "estate" as hereinafter used refers not only to the estate of any member of the Armed Forces of the United States above referred to, but also to all persons who are beneficiaries entitled to compensation and/or punitive damages in accordance with any statute of the United States, the District of Columbia, or their state of residence or domicile at the time of death, including 28 United States Code Section 1602 through 1611, District of Columbia Code, Title 16, Section 16-2701 or District of Columbia Code, Title 12, Section 12-301.

(3) The Defendant, The Islamic Republic of Iran, is a foreign state which was at the time of the acts hereinafter complained of and is to the present designated as a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 United States Code Appendix, Section 2405(j)).

(4) The Defendant, The Iranian Ministry of Information and Security, is an agency of the Defendant, The Islamic Republic of Iran, whose activities included, at all times relevant to this action, the prosecution of terrorist acts directed against the armed forces of the United States and United States citizens, by and through material support to various terrorist organizations including the Lebanese terrorist organization known as "Hezbollah".

(5) Hezbollah[1] is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of the State of Israel. At all times relevant to this action, Hezbollah was being given extensive support by the Defendants which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the Shiite population of Lebanon. In 1983, at the time of the acts which give rise to this action, Hezbollah was under the complete operational control of the Defendants, through Iranian Revolutionary Guards units within Lebanon. The Shia or Shiite Community in Lebanon had been economically depressed for an extended period of time prior to the date of the occurrence and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendants to Hezbollah was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the attack of October 23, 1983.

(6) The mission statement of the Marine Amphibious Unit on October 23, 1983 was "to provide a presence in Beirut, that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital."[2] The Unit operated under normal, peacetime rules of engagement. Their geographic position was in a reinforced concrete building at the Beirut Airport. Although there was sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks.

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

---

[1] The spelling of this word differs slightly in various publications. It is believed that this spelling is the most common. The organization also refers to itself in some publications as the "Party of God".

[2] Statement of General Paul X. Kelly, Commandant, United States Marine Corps.

6

There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the ongoing civil war. The building being used by the Unit gave excellent protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding October 23, 1983.

(7) Acting on instructions from the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Iranian agents of the Defendants in operational control of Hezbollah, with high level technical participation which would not have been available to Hezbollah in the absence of Iranian control and participation, carried out the construction of a gas enhanced explosive device with an explosive force equal to 5,000 pounds of explosives. This was in turn mounted in a large Mercedes truck of a type commonly seen on construction projects which had been determined by Iranian terrorist experts to have sufficient weight to crash through an outer barbed wire emplacement, yet would fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and though a sandbag inner barrier obstruction into a passenger entry hallway into the center lobby of the building to a position at which Iranian explosive experts had calculated an explosion of the magnitude to be produced by the device would collapse the structure. At approximately 6:22 a.m., Beirut time, on October 23, 1983 the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The collapse of the four story, reinforced concrete structure resulted in the deaths of approximately 241 members of the Armed Forces of the United States and injury to numerous others.

(8) The actions of the agents of the Defendants as above set forth constituted acts of torture, extrajudicial killing and the provision of material resources for these acts as defined in Section 2339A, Title 18, United States Code.

(9) The formation of Hezbollah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Defendant, the Ministry of Information and Security and Ali Akbar Mohtashemi, acting as Interior Minister of the Defendant, The Islamic Republic of Iran, and the Iranian Ambassador to Syria. The above referred to activities of Hezbollah were financed, technologically supported and commanded by Iranian military/intelligence operatives.

<u>**COUNT I**</u>
<u>**ESTATE OF DAVID L. BATTLE**</u>
<u>**CLAIM FOR WRONGFUL DEATH**</u>
<u>**Title 16 District of Columbia Code Section 16-2701**</u>

(10) Plaintiff, Juanita R. Goldfarb, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(11) On October 23, 1983, when the explosive device described above was detonated, David L. Battle, a member of the United States Marine Corps, suffered fatal injuries. The death of David L. Battle was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of David L. Battle. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(12) The beneficiaries of David L. Battle who survived him, namely, Juanita R. Goldfarb, Amy Battle, Corinne Collins, and Beth Holloway, as a direct and proximate

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

8

consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of David L. Battle, and funeral and burial expenses.

**WHEREFORE**, Plaintiff, Juanita R. Goldfarb, demands judgment on behalf of the Wrongful Death Act Beneficiaries, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

### COUNT II
### ESTATE OF DAVID L. BATTLE
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(13) Plaintiff Juanita R. Goldfarb, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(14) Before death, David L. Battle, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

**WHEREFORE**, Plaintiff, Juanita R. Goldfarb, demands judgment on behalf of the Estate of David L. Battle, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

### COUNT III
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )
### 28 U.S.C. §1605A

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

(15) Plaintiff, Juanita R. Goldfarb, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(16) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, David L. Battle, to wit, Juanita R. Goldfarb, Amy Battle, Corinne Collins, and Elizabeth Holloway, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

**WHEREFORE**, Plaintiff, Juanita R. Goldfarb, demands judgment on behalf of herself, Amy Battle, Corrine Collins and Elizabeth Holloway, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), besides costs.

**COUNT IV**
**PUNITIVE DAMAGES**
**Public Law 104-208, Div. A, Title I, Section 101 ( C )**
**28 U.S.C. §1605A**

(17) Each of the Plaintiffs described above repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(18) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law

104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

**WHEREFORE**, the Plaintiff, Juanita R. Goldfarb, Personal Representative of the Estate of David L. Battle, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS** ($250,000,000.00), besides costs.

### COUNT V
### ESTATE OF MATILDE HERNANDEZ, JR.
### CLAIM FOR WRONGFUL DEATH
### Title 16 District of Columbia Code Section 16-2701

(19) Plaintiff, Mary V. Hernandez, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(20) On October 23, 1983, when the explosive device described above was detonated, Matilde Hernandez, Jr., a member of the United States Marine Corps, suffered fatal injuries. The death of Matilde Hernandez, Jr. was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Matilde Hernandez, Jr. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(21) The beneficiaries of Matilde Hernandez, Jr. who survived him, namely, Mary V. Hernandez, James Hernandez, Marcus A. Hernandez, Matilde Hernandez, III, Veronica Hernandez, Delfina Arriola, Hortencia Ortunio, Margaret Santiago, Rodolfo-Rudy Hernandez, Richard Hernandez, Josie Cortez, and the Estate of Leanardo Hernandez, as a direct and

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

11

proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Matilde Hernandez, Jr., and funeral and burial expenses.

**WHEREFORE**, Plaintiff, Mary V. Hernandez demands judgment on behalf of the Wrongful Death Act Beneficiaries, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

**COUNT VI**
**ESTATE OF MATILDE HERNANDEZ, JR.**
**SURVIVAL CLAIM**
**Title 12 District of Columbia Code Section 16-2701**

(22) Plaintiff, Mary V. Hernandez, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(23) Before death, Matilde Hernandez, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

**WHEREFORE,** Plaintiff, Mary V. Hernandez, demands judgment on behalf of the Estate of Matilde Hernandez, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

**COUNT VII**
**SOLATIUM CLAIM**
**Public Law 104-208, Div. A, Title I, Section 101 ( C )**
**28 U.S.C. §1605A**

(24) Plaintiff, Mary V. Hernandez, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(25) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Matilde Hernandez, Jr., to wit, Mary V. Hernandez, James Hernandez, Marcus A. Hernandez, Matilde Hernandez, III, Veronica Hernandez, Delfina Arriola, Hortencia Ortunio, Margaret Santiago, Rodolfo-Rudy Hernandez, Richard Hernandez, Josie Cortez, and the Estate of Leanardo Hernandez, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

**WHEREFORE**, Plaintiff, Mary V. Hernandez, demands judgment on behalf of herself, James Hernandez, Marcus A. Hernandez, Matilde Hernandez, III, Veronica Hernandez, Delfina Arriola, Hortencia Ortunio, Margaret Santiago, Rodolfo-Rudy Hernandez, Richard Hernandez, Josie Cortez, and the Estate of Leanardo Hernandez, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), besides costs.

### COUNT VIII
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )
### 28 U.S.C. §1605A

(26) Each of the Plaintiffs described above repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(27) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

**WHEREFORE**, the Plaintiff, Mary V. Hernandez, Personal Representative of the Estate of Matilde Hernandez, Jr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS** ($250,000,000.00), besides costs.

**COUNT IX**
**ESTATE OF JOHN MUFFLER**
**CLAIM FOR WRONGFUL DEATH**
**Title 16 District of Columbia Code Section 16-2701**

(28) Plaintiff, Robert Muffler, Jr., repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(29) On October 23, 1983, when the explosive device described above was detonated, John Muffler, a member of the United States Marine Corps, suffered fatal injuries. The death of John Muffler was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Muffler. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(30) The beneficiaries of John Muffler, who survived him, namely, Robert Muffler, Jr., as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the estate of John Muffler, and funeral and burial expenses.

**WHEREFORE**, Plaintiff, Robert Muffler, Jr., demands judgment on behalf of the Wrongful Death Act Beneficiaries, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

### COUNT X
### ESTATE OF JOHN MUFFLER
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(31) Plaintiff, Robert Muffler, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(32) Before death, John Muffler, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

**WHEREFORE,** Plaintiff, Robert Muffler, Jr., demands judgment on behalf of the Estate of John Muffler, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

### COUNT XI
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )
### 28 U.S.C. §1605A

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

15

(33) Plaintiff, Robert Muffler, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(34) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John Muffler, to wit, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

**WHEREFORE**, Plaintiff, Robert Muffler, Jr., demands judgment on behalf of himself, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), besides costs.

### COUNT XII
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )
### 28 U.S.C. §1605A

(35) Plaintiff described above repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(36) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

16

104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

**WHEREFORE**, the Plaintiff, Robert Muffler, Jr., Personal Representative of the Estate of John Muffler, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS** ($250,000,000.00), besides costs.

**COUNT XIII**
**ESTATE OF JOHN JAY TISHMACK**
**CLAIM FOR WRONGFUL DEATH**
**Title 16 District of Columbia Code Section 16-2701**

(37) Plaintiff, Ronald Tishmack, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(38) On October 23, 1983, when the explosive device described above was detonated, John Jay Tishmack, a member of the United States Marine Corps, suffered fatal injuries. The death of John Jay Tishmack was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Jay Tishmack. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(39) The beneficiaries of John Jay Tishmack who survived him, namely, Ronald Tishmack and Leslie Tishmack, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John Jay Tishmack, and funeral and burial expenses.

**WHEREFORE,** Plaintiff, Ronald Tishmack, demands judgment on behalf of the Wrongful Death Act Beneficiaries, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

**COUNT XIV**
**ESTATE OF JOHN JAY TISHMACK**
**SURVIVAL CLAIM**
**Title 12 District of Columbia Code Section 16-2701**

(40) Plaintiff, Ronald Tishmack, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(41) Before death, John Jay Tishmack, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

**WHEREFORE,** Plaintiff, Ronald Tishmack, demands judgment on behalf of the Estate of John Jay Tishmack, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

**COUNT XV**
**SOLATIUM CLAIM**
**Public Law 104-208, Div. A, Title I, Section 101 ( C )**
**28 U.S.C. §1605A**

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

(42) Plaintiff, Ronald Tishmack repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(43) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John Jay Tishmack, to wit, Teresa Tishmack, Ronald Tishmack and Leslie Tishmack, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

**WHEREFORE**, Plaintiff, Ronald Tishmack, demands judgment on behalf of himself, Teresa Tishmack and Leslie Tishmack, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), besides costs.

### COUNT XVI
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )
### 28 U.S.C. §1605A

(44) Plaintiff, Ronald Tishmack, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(45) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law

104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

**WHEREFORE**, the Plaintiff, Ronald Tishmack, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS** ($250,000,000.00), besides costs.

**COUNT XVII**
**ESTATE OF LEONARD WARREN WALKER**
**CLAIM FOR WRONGFUL DEATH**
**Title 16 District of Columbia Code Section 16-2701**

(46) Plaintiff, Celia Walker, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(47) On October 23, 1983, when the explosive device described above was detonated, Leonard Warren Walker, a member of the United States Marine Corps, suffered fatal injuries. The death of Leonard Warren Walker was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Leonard Warren Walker. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(48) The beneficiaries of Leonard Warren Walker who survived him, namely, Celia Walker, Annise Crawford and Elizabeth James, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries,

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

the loss of future earnings and accretions to the Estate of Leonard Warren Walker, and funeral and burial expenses.

**WHEREFORE,** Plaintiff, Celia Walker, demands judgment on behalf of the Wrongful Death Act Beneficiaries, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

**COUNT XVIII**
**ESTATE OF LEONARD WARREN WALKER**
**SURVIVAL CLAIM**
**Title 12 District of Columbia Code Section 16-2701**

(49) Plaintiff, Celia Walker, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(50) Before death, Leonard Warren Walker, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

**WHEREFORE**, Plaintiff, Celia Walker, demands judgment on behalf of the Estate of Leonard Warren Walker, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

**COUNT XIX**
**SOLATIUM CLAIM**
**Public Law 104-208, Div. A, Title I, Section 101 ( C )**
**28 U.S.C. §1605A**

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

(51) Plaintiff, Celia Walker, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(52) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Leonard Warren Walker, namely, Celia Walker, Annise Crawford, and Elizabeth James, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

**WHEREFORE**, Plaintiff, Celia Walker, demands judgment on behalf of herself, Annise Crawford, and Elizabeth James, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), besides costs**.**

### COUNT XX
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )
### 28 U.S.C. §1605A

(53) Each of the Plaintiffs described above repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(54) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope

of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

**WHEREFORE,** the Plaintiffs, and each of them, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS** ($250,000,000.00), besides costs.

**COUNT XXI**
**ESTATE OF WALTER EMERSON WINT, JR.**
**CLAIM FOR WRONGFUL DEATH**
**Title 16 District of Columbia Code Section 16-2701**

(55) Plaintiff, Dorothy C. Wint, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(56) On October 23, 1983, when the explosive device described above was detonated, Walter Emerson Wint, Jr., member of the United States Marine Corps, suffered fatal injuries. The death of Walter Emerson Wint, Jr. was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Walter Emerson Wint, Jr. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(57) The beneficiaries of Walter Emerson Wint, Jr. who survived him, namely, Dorothy C. Wint, Kenneth C. Wint, Linda Valania, Lt. Col. Robert Wint, and Sheila Featherstone, as a direct and proximate consequence of the actions of the Defendants

hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Walter Emerson Wint, Jr., and funeral and burial expenses.

**WHEREFORE**, Plaintiff, Dorothy C. Wint, demands judgment on behalf of the Wrongful Death Act Beneficiaries, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

**COUNT XXII**
**ESTATE OF WALTER EMERSON WINT, JR.**
**SURVIVAL CLAIM**
**Title 12 District of Columbia Code Section 16-2701**

(58) Plaintiff, Dorothy C. Wint, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(59) Before death, Walter Emerson Wint, Jr., suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

**WHEREFORE**, Plaintiff, Dorothy C. Wint, demands judgment on behalf of the Estate of Walter Emerson Wint, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

**COUNT XXIII**
**SOLATIUM CLAIM**
**Public Law 104-208, Div. A, Title I, Section 101 ( C )**
**28 U.S.C. §1605A**

**The Donahue Law Firm**
18 West Street
Annapolis, MD 21401
(410) 280-2023

(60) Plaintiff, Dorothy C. Wint, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(61) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Walter Emerson Wint, Jr., namely Walter Emerson Wint, Sr., Dorothy C. Wint, Kenneth C. Wint, Linda Valania, Lt. Col. Robert Wint, and Sheila Featherstone, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

**WHEREFORE,** Plaintiff, Dorothy C. Wint, demands judgment on behalf of herself, Walter Emerson Wint, Sr., Kenneth C. Wint, Linda Valania, Lt. Col. Robert Wint, and Sheila Featherstone, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), besides costs.

### COUNT XXIV
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )
### 28 U.S.C. §1605A

(62) Each of the Plaintiffs described above repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(63) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that

govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

**WHEREFORE**, the Plaintiffs, and each of them, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS** ($250,000,000.00),

**COUNT XXV**
**ESTATE OF JAMES YARBER**
**CLAIM FOR WRONGFUL DEATH**
**Title 16 District of Columbia Code Section 16-2701**

(64) Plaintiff, Jutta Yarber, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(65) On October 23, 1983, when the explosive device described above was detonated, James Yarber, a member of the United States Marine Corps, suffered fatal injuries. The death of James Yarber was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James Yarber. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(66) The beneficiaries of James Yarber who survived him, namely, Jutta Yarber, David Yarber, and Hazel Renton, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of James Yarber, and funeral and burial expenses.

**WHEREFORE**, Plaintiff, Jutta Yarber, demands judgment on behalf of the Wrongful Death Act Beneficiaries, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

### COUNT XXVI
### ESTATE OF JAMES YARBER
### SURVIVAL CLAIM
### Title 12 District of Columbia Code Section 16-2701

(67) Plaintiff Jutta Yarber, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(68) Before death, James Yarber, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

**WHEREFORE**, Plaintiff, Jutta Yarber, demands judgment on behalf of the Estate of James Yarber, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

### COUNT XXVII
### SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )
### 28 U.S.C. §1605A

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

(69) Plaintiff, Jutta Yarber, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(70) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, James Yarber, to wit, Deborah Yarber, Robert Yarber, Jutta Yarber, David Yarber, Alene Masterson, Clifford Yarber and Hazel Renton, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

**WHEREFORE**, Plaintiff, Jutta Yarber, demands judgment on behalf of herself, Deborah Yarber, Robert Yarber, Alene Masterson, Clifford Yarber, David Yarber and Hazel Renton, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), besides costs.

### COUNT XXVIII
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )
### 28 U.S.C. §1605A

(71) Each of the Plaintiffs described above repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(72) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law

104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

**WHEREFORE**, the Plaintiff, Jutta Yarber, Personal Representative of the Estate of James Yarber, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS** ($250,000,000.00), besides costs.

### COUNT XXIX
### BATTERY

Claim of Dennis Jack Anderson

(73) The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(74) On October 23, 1983, member of the Hezbollah by use of an explosive devise as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Dennis Jack Anderson, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agents, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

**WHEREFORE**, Plaintiff, Dennis Jack Anderson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

**COUNT XXX**
**ASSAULT**

<u>Claim of Dennis Jack Anderson</u>

(75) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(76) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Dennis Jack Anderson, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him.  The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

**WHEREFORE**, Plaintiff, Dennis Jack Anderson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

**COUNT XXXI**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**28 U.S.C. §1605A**

Claim of Dennis Jack Anderson

(77) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(78) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, the Plaintiff, Dennis Jack Anderson, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

**WHEREFORE**, Plaintiff, Dennis Jack Anderson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

**COUNT XXXII**
**PUNITIVE DAMAGES**
**28 U.S.C. §1605A**

Claim of Dennis Jack Anderson

(79) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(80) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Dennis Jack Anderson's rights and physical well being.  All of the acts of Hezbollah were facilitated by funding, training and

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

support by the Iranian Ministry of Information and Security.  In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran.  Said agency rendered material support to those actually carrying out the acts above described.  An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1650(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Dennis Jack Anderson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS** ($500,000,000.00), and costs.

### COUNT XXXIII
### BATTERY

Claim of Pedro J. Alvarado

(81) The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(82) On October 23, 1983, member of the Hezbollah by use of an explosive devise as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Pedro J. Alvarado, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical

treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agents, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Pedro J. Alvarado, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

## COUNT XXXIV
## ASSAULT

Claim of Pedro J. Alvarado

(83) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(84) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Pedro J. Alvarado, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Pedro J. Alvarado, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00) and costs.

## COUNT XXXV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## 28 U.S.C. §1605A

Claim of Pedro J. Alvarado

(85) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(86) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Pedro J. Alvarado, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

**WHEREFORE**, Plaintiff, Pedro J. Alvarado, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

## COUNT XXXVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## 28 U.S.C. §1605A

Claims of Angel Alvarado, Andres Alvarado Tull, Geraldo Alvarado, Grisselle Alvarado, Luis Alvarado, Luisa Alvarado, Maria Alvarado, Marta Alvarado, Minerva Alvarado, Yolanda Alvarado, and Zoraida Alvarado

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

(87) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(88) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Pedro J. Alvarado with the intent to inflict emotional distress upon him and upon members of his family, Angel, Andres, Geralda, Grisselle, Luis, Luisa, Maria, Marta, Minerva, Yolanda and Zoraida Alvarado, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Pedro J. Alvarado's family, consisting of brothers and sisters were caused to suffer emotional distress.

**WHEREFORE**, Plaintiffs, Angel, Andres, Geralda, Grisselle, Luis, Luisa, Maria, Marta, Minerva, Yolanda, and Zoraida Alvarado, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS** ($5,000,000.00), and costs.

**COUNT XXXVII**
**PUNITIVE DAMAGES**
**28 U.S.C. §1605A**

Claim of Pedro J. Alvarado

(89) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(90) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Pedro J. Alvarado's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and

support by the Iranian Ministry of Information and Security.  In accordance with 28 United

States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and

Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for

the actions of the Hezbollah members.  In providing such funding, direction and training, the

Iranian Ministry of Information and Security was acting within the scope of its agency as an

instrumentality of the Islamic Republic of Iran.  Said agency rendered material support to

those actually carrying out the acts above described.  An award of punitive damages is

requested as to both defendants, jointly and severally, in accordance with the provisions of

Public Law 105-277, amending 28 United States Code, §1650(a)(7) making a nation which

has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration

Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Pedro J. Alvarado, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS** ($500,000,000.00), and costs.

### COUNT XXXVIII
### BATTERY

Claim of Michael Harris

(91) The Plaintiff repeats and re-alleges each and every allegation set forth above with

equal effect as if alleged herein.

(92) On October 23, 1983, member of the Hezbollah by use of an explosive devise as

above described, willfully, violently and forcefully battered and did violence to the body of

the Plaintiff, Michael Harris, inflicting severe and permanent injuries upon him resulting in

great pain and suffering, which injuries required and continue to require extensive medical

treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agents, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

**WHEREFORE,** Plaintiff, Michael Harris, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

## COUNT XXXIX
## ASSAULT

Claim of Michael Harris

(93) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(94) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Michael Harris, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

**WHEREFORE**, Plaintiff, Michael Harris, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

## COUNT XL
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## 28 U.S.C. §1605A

Claim of Michael Harris

(95) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(96) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Michael Harris, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

**WHEREFORE**, Plaintiff, Michael Harris, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

## COUNT XLI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## 28 U.S.C. §1605A

Claim of Bennie Harris and Rose Harris

(97) The Plaintiffs repeat and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(98) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agents, the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Michael Harris with the intent to inflict emotional distress upon him and upon his family, Bennie Harris and Rose Harris, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah.

**WHEREFORE**, Plaintiffs Bennie Harris and Rose Harris, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS** ($5,000,000.00), and costs.

**COUNT XLII**
**PUNITIVE DAMAGES**
**28 U.S.C. §1605A**

Claim of  Michael Harris

(99) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(100) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Michael Harris' rights and physical well being.  All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security.  In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.   In providing such funding, direction and training, the Iranian

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1650(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Michael Harris, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS** ($500,000,000.00), and costs.

### COUNT XLIII
### BATTERY

Claim of Donald Richard Pontillo

(101) The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(102) On October 23, 1983, member of the Hezbollah by use of an explosive devise as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Donald Richard Pontillo, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran

through its agents, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

**WHEREFORE**, Plaintiff, Donald Richard Pontillo, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

## COUNT XLIV
## ASSAULT

Claim of Donald Richard Pontillo

(103) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(104) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Donald Richard Pontillo, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him.  The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

**WHEREFORE**, Plaintiff, Donald Richard Pontillo, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

## COUNT XLV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## 28 U.S.C. §1605A

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

Claim of Donald Richard Pontillo

(105) The plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(106) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Donald Richard Pontillo, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort, and inconvenience.

**WHEREFORE**, Plaintiff, Donald Richard Pontillo, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

## COUNT XLVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## 28 U.S.C. §1605A

Claims of  Leonora Pontillo, Deborah True and Douglas Pontillo

(107) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(108) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agents, the Iranian Ministry of Information and Security, constituted extreme and

outrageous conduct carried out against Donald Richard Pontillo with the intent to inflict emotional distress upon him and upon members of his family, namely Leonora Pontillo, Deborah True and Douglas Pontillo, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Donald Richard Pontillo's family, consisting of his wife, children, mother, brother and sister were caused to suffer severe emotional distress.

**WHEREFORE**, Plaintiffs, Leonora Pontillo, Deborah True and Douglas Pontillo, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE MILLION DOLLARS** ($5,000,000.00), and costs.

**COUNT XLVII**
**PUNITIVE DAMAGES**
**28 U.S.C. §1605A**

Claim of  Donald Richard Pontillo

(109) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(110) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Donald Richard Pontillo's rights and physical well being.  All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security.  In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an

instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1650(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

**WHEREFORE**, Plaintiff, Donald Richard Pontillo, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS** ($500,000,000.00), and costs.

**COUNT XLVIII**
**BATTERY**

Claim of John Ervin Selbe

(111) The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(112) On October 23, 1983, member of the Hezbollah by use of an explosive devise as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, John Ervin Selbe, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran

through its agents, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

**WHEREFORE**, Plaintiff, John Ervin Selbe, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

## COUNT XLIX
## ASSAULT

Claim of John Ervin Selbe

(113) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(114) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, John Ervin Selbe, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him.  The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

**WHEREFORE**, Plaintiff, John Ervin Selbe, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

## COUNT L

## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>
## <u>28 U.S.C. §1605A</u>

<u>Claim of John Ervin Selbe</u>

(115) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(116) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, John Ervin Selbe, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

**WHEREFORE**, Plaintiff, John Ervin Selbe, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

## <u>COUNT LI</u>
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>
## <u>28 U.S.C. §1605A</u>

<u>Claim of Eloise Fay Selbe, Belinda Skarka, Don Selbe and James Selbe</u>

(117) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(118) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiffs,

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

Eloise Fay Selbe, Belinda Skarka, Don Selbe and James Selbe endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiffs, Eloise Fay Selbe, Belinda Skarka, Don Selbe and James Selbe demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE MILLION DOLLARS** ($5,000,000.00), and costs.

**COUNT LII**
**PUNITIVE DAMAGES**
**28 U.S.C. §1605A**

Claim of John Ervin Selbe

(119) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(120) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of John Ervin Selbe's rights and physical well being.  All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security.  In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran.  Said agency rendered material support to

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

those actually carrying out the acts above described.  An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1650(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, John Ervin Selbe, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS** ($500,000,000.00), and costs.

### COUNT LIII
### BATTERY

Claim of Willy George Thompson

(121) The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(122) On October 23, 1983, member of the Hezbollah by use of an explosive devise as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Willy George Thompson, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff.  The willful, wrongful, and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran

through its agents, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

**WHEREFORE**, Plaintiff, Willy George Thompson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

**COUNT LIV**
**ASSAULT**

Claim of Willy George Thompson

(123) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(124) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Willy George Thompson, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him.  The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

**WHEREFORE**, Plaintiff, Willy George Thompson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

**COUNT LV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**28 U.S.C. §1605A**

Claim of Willy George Thompson

(125) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(126) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Willy George Thompson, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

**WHEREFORE**, Plaintiff, Willy George Thompson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

### COUNT LVI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### 28 U.S.C. §1605A

Claim of Allison Thompson, Ifaline Thompson, Cheryl Bass, Johnny Thompson and Wanda Ford

(127) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(128) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiffs,

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

Allison Thompson, Ifaline Thompson, Cheryl Bass, Johnny Thompson and Wanda Ford endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

**WHEREFORE**, Plaintiffs, Allison Thompson, Ifaline Thompson, Cheryl Bass, Johnny Thompson and Wanda Ford demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE MILLION DOLLARS** ($5,000,000.00), and costs.

### COUNT LVII
### PUNITIVE DAMAGES
### 28 U.S.C. §1605A

Claim of  Willy George Thompson

(129) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(130) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Willy George Thompson's rights and physical well being.  All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security.  In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran.  Said agency rendered material support to those actually carrying out the acts above described.  An award of punitive damages is

requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1650(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

**WHEREFORE**, Plaintiff, Willy George Thompson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS** ($500,000,000.00), and costs.

## COUNT LVIII
## BATTERY

Claim of Terance J. Valore

(131) The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(132) On October 23, 1983, member of the Hezbollah by use of an explosive devise as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Terance J. Valore, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff. The willful, wrongful, and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agents, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

**WHEREFORE**, Plaintiff, Terance J. Valore, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

## COUNT LIX
## ASSAULT

Claim of Terance J. Valore

(133) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(134) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Terance J. Valore, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him.  The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

**WHEREFORE**, Plaintiff, Terance J. Valore, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

## COUNT LX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## 28 U.S.C. §1605A

Claim of Terance J. Valore

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

(135) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(136) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Terance J. Valore, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

**WHEREFORE**, Plaintiff, Terance J. Valore, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

### COUNT LXI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### 28 U.S.C. §1605A

Claim of Orlando Michael Valore, Sr., Orlando M. Valore, Jr., Janice Valore, and Marcy Lynn Parson

(137) The Plaintiffs repeat and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(138) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agents, the Iranian Ministry of Information and Security, constituted extreme and

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

outrageous conduct carried out against Terance J. Valore with the intent to inflict emotional distress upon him and upon his family, Orlando Michael Valore, Sr., Orlando M. Valore, Jr., Janice Valore, and Marcy Lynn Parson, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah.

**WHEREFORE**, Plaintiffs Orlando Michael Valore, Sr., Orlando M. Valore, Jr., Janice Valore, and Marcy Lynn Parson, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS** ($5,000,000.00), and costs.

**COUNT LXII**
**PUNITIVE DAMAGES**
**28 U.S.C. §1605A**

Claim of Terance J. Valore

(139) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(140) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Terance J. Valore's rights and physical well being.  All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security.  In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran.  Said agency rendered material support to

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

those actually carrying out the acts above described.  An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1650(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Terance J. Valore, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS** ($500,000,000.00), and costs.

## COUNT LXIII
## BATTERY

Claim of Floyd Martin Carpenter

(141) The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(142) On October 23, 1983, member of the Hezbollah by use of an explosive devise as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Floyd Martin Carpenter, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff.  The willful, wrongful, and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agents, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

**WHEREFORE**, Plaintiff, Floyd Martin Carpenter, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

<u>COUNT LXIV</u>
<u>ASSAULT</u>

<u>Claim of Floyd Martin Carpenter</u>

(143) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(144) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Floyd Martin Carpenter, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him.  The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

**WHEREFORE,** Plaintiff, Floyd Martin Carpenter, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

<u>COUNT LXV</u>
<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>
<u>28 U.S.C. §1605A</u>

<u>Claim of Floyd Martin Carpenter</u>

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

(145) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(146) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Floyd Martin Carpenter, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

**WHEREFORE**, Plaintiff, Floyd Martin Carpenter, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

### COUNT LXVI
### PUNITIVE DAMAGES
### 28 U.S.C. §1605A

Claim of  Floyd Martin Carpenter

(147) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(148) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Floyd Martin Carpenter's rights and physical well being.  All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security.  In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for

the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran.  Said agency rendered material support to those actually carrying out the acts above described.  An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1650(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

**WHEREFORE,** Plaintiff, Floyd Martin Carpenter, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS** ($500,000,000.00), and costs.

**COUNT LXVII**
**BATTERY**

Claim of Timothy Brooks

(149) The Plaintiff repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(150) On October 23, 1983, member of the Hezbollah by use of an explosive devise as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Timothy Brooks, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and have permanently disabled the said Plaintiff.  The willful, wrongful, and

intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agents, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

**WHEREFORE**, Plaintiff, Timothy Brooks, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

### COUNT LXVIII
### ASSAULT

Claim of Timothy Brooks

(151) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(152) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Timothy Brooks, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

**WHEREFORE**, Plaintiff, Timothy Brooks, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

**COUNT LXVIX**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**28 U.S.C. §1605A**

Claim of Timothy Brooks

(153) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(154) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Timothy Brooks, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

**WHEREFORE**, Plaintiff, Timothy Brooks, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), and costs.

**COUNT LXX**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**28 U.S.C. §1605A**

Claim of Edward J. Brooks and Patricia A. Brooks

(155) The Plaintiffs repeat and re-alleges each and every allegation set forth above with like effect as if alleged herein.

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

(156) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agents, the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Timothy Brooks with the intent to inflict emotional distress upon him and upon his family, Edward J. Brooks and Patricia A. Brooks, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah.

**WHEREFORE**, Plaintiffs Edward J. Brooks and Patricia A. Brooks, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS** ($5,000,000.00), and costs.

### COUNT LXXI
### PUNITIVE DAMAGES
### 28 U.S.C. §1605A

Claim of Timothy Brooks

(157) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(158) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Timothy Brook's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1650(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

**WHEREFORE**, Plaintiff, Timothy Brooks, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS** ($500,000,000.00), and costs.

**The Donahue Law Firm**
18 West Street
Annapolis, MD 21401
(410) 280-2023

February 4, 2009                          Respectfully Submitted,


                                          THE DONAHUE LAW FIRM
                                          *Patrick M. Donahue*
                                          Patrick M. Donahue
                                          DC Bar #358184
                                          18 West Street
                                          Annapolis, Maryland  21401
                                          Telephone:  (410) 280-2023


                                          *Dan Gaskill*
                                          Dan Gaskill
                                          DC Bar #476817
                                          206 North Adams Street
                                          Rockville, MD 20850
                                          Telephone:  (301) 279-7400
                                          Attorneys for Plaintiff


                                          *Joseph Peter Drennan*
                                          Joseph Peter Drennan
                                          218 N. Lee Street
                                           Floor
                                          Alexandria, VA 22314
                                          Telephone: (703)519-3773


                                          FAY KAPLAN LAW, P.A.
                                          *Thomas Fortune Fay*
                                          Thomas Fortune Fay
                                          700 Fifth Street, NW
                                          Suite 200
                                          Washington, DC  20001
                                          Telephone: (202)589-1300